04 10141 PBS

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEVEN GARLETTS, | AT LAW AND IN ADMIRALTY |
| Plaintiff, | No. |
| v. | SEAMAN'S COMPLAINT IN PERSONAM FOR DAMAGES, FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE— ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 |
| MYSTICAL ROSE, INC. | |
| Defendant. | |

COMES NOW the plaintiff and complains of the defendants alleging upon information and belief as follows:

1. Plaintiff, Steven Garletts, brings and maintains this action pursuant to 28 U.S.C. § 1333, the Jones Act (46 U.S.C. § 688), U.S. Const. Art. III, sec. 2, and the General Maritime Law.

SEAMAN'S COMPLAINT - 1

GORDON WEBB, ATTORNEY AT LAW
225 106TH AVENUE N.E.
BELLEVUE, WASHINGTON 98004
(425) 454-3800 • FAX (425) 454-5399

ORIGINAL

2. Plaintiff is a resident of the State of Alaska.

3. Plaintiff is a seaman and a ward of this Court and elects to take advantage of the provisions of 28 U.S.C. § 1916 to proceed without prepayment of costs or fees.

4. Defendant herein is a corporation existing under and by virtue of the laws of the state of Massachusetts and at all times herein mentioned was acting by and through its officers, agents, servants, employees and representatives, and has a principal place of business or is doing business within the district of this court.

5. At all times herein mentioned, defendant Mystical Rose, Inc. was the owner, manager and operator of the fishing vessel ARCTIC SEAL, official number 500127.

6. At all times herein mentioned, plaintiff was employed by the defendant as a member of the crew, in the service of the fishing vessel ARCTIC SEAL and was at all times acting within the course and scope of his duties and in furtherance of the mission of said vessel.

7. On or about January 1, 2003, while said vessel was in navigable waters, plaintiff Steven Garletts sustained severe, painful and disabling injuries to his left second finger and other injuries not fully known at this time. Plaintiff prays leave to amend this complaint when the full extent of injuries and disabilities is ascertained.

8. Said injuries, disabilities, and damages were directly and proximately caused by the unseaworthiness of the vessel; the negligence, in whole or in part, of the defendant and its agents, servants and employees.

9. As a direct and proximate result of the foregoing, plaintiff was caused to and did incur reasonable charges for medical care and attention. Plaintiff does not know the reasonable value

SEAMAN'S COMPLAINT - 2

GORDON WEBB, ATTORNEY AT LAW
225 106TH AVENUE N.E.
BELLEVUE, WASHINGTON 98004
(425) 454-3800 • FAX (425) 454-5399

1. of said medical care and attention already rendered or to be rendered in the future and, therefore, prays leave to amend this complaint to show the same.

10. As a further result of the foregoing, plaintiff was rendered unable to engage in his normal and usual occupation. Plaintiff may later be unable to engage in his normal and usual occupation, and prays leave to amend this complaint to allege the full extent of said loss when the same is ascertained.

11. Plaintiff demands maintenance from the defendant in a per diem amount to recuperate on land with room and board at least equal to that received on defendant's vessel, until the plaintiff reaches maximum cure or until the plaintiff is declared fit for duty, whichever last occurs. Plaintiff further demands the actual cost of his cure until the plaintiff is fully cured; and if never cured, plaintiff demands the cost of cure for the remainder of plaintiff's natural life.

12. Maintenance and cure has been demanded and not timely paid. The failure to pay maintenance and cure has caused additional damages to the plaintiff whether or not the failure to pay was reasonable under the circumstances.

13. Plaintiff is entitled to earned/unearned wages. Said wages have been demanded and denied. Plaintiff is entitled to double wages under federal or state law.

WHEREFORE, plaintiff prays judgment against the defendant as follows:

1. For general damages as are reasonable and fair;

2. For such special damages, including found, as may be shown by the proofs herein;

SEAMAN'S COMPLAINT - 3

GORDON WEBB, ATTORNEY AT LAW
225 106TH AVENUE N.E.
BELLEVUE, WASHINGTON 98004
(425) 454-3800 • FAX (425) 454-5399

3. For maintenance and cure, and for consequential damages and attorney fees for failure to pay same;

4. For earned/unearned wages and double wage penalties;

5. For pre-judgment interest on all claims as is in the law provided;

6. For costs of suit and reasonable attorney fees;

7. For such other and further relief, including punitive damages, as is met and just in the circumstances.

DATED this _____ day of January, 2004.

LAW OFFICE OF GORDON WEBB

By _____

GORDON WEBB, WSBA#22777
Attorney for Plaintiff

SEAMAN'S COMPLAINT - 4

GORDON WEBB, ATTORNEY AT LAW
225 106TH AVENUE N.E.
BELLEVUE, WASHINGTON 98004
(425) 454-3800 • FAX (425) 454-5399