FILED
IN CLERKS OFFICE

2004 JAN 27  A 11: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| STEVEN GARLETTS, | AT LAW AND IN ADMIRALTY |
|---|---|
| Plaintiff, | No. 04-10141 PBS |
| v. | |
| F/V ARCTIC SEAL, O.N. 500127, her engines, machinery, appurtances and cargo, etc. *in rem;* and MYSTICAL ROSE, INC., *in personam,* | AMENDED COMPLAINT *IN PERSONAM* AND *IN REM* FOR DAMAGES, FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE— ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 |
| Defendant. | |

COMES NOW the plaintiff and complains of the defendants alleging upon information and belief as follows:

1. Plaintiff, Steven Garletts, brings and maintains this action pursuant to 28 U.S.C. § 1333, the Jones Act (46 U.S.C. § 688), 46 U.S.C. § 10601 et. seq., U.S. Const. Art. III, sec. 2, the General Maritime Law, and the common law.

AMENDED COMPLAINT - 1

GORDON WEBB, ATTORNEY AT LAW
225 106TH AVENUE N.E.
BELLEVUE, WASHINGTON 98004
(425) 454-3800 • FAX (425) 454-5399

ORIGINAL

2. Plaintiff is a resident of the State of Alaska.

3. Plaintiff is a seaman and a ward of this Court and elects to take advantage of the provisions of 28 U.S.C. § 1916 to proceed without prepayment of costs or fees.

4. Defendant Mystical Rose, Inc. herein is a corporation existing under and by virtue of the laws of the state of Massachusetts and at all times herein mentioned was acting by and through its officers, agents, servants, employees and representatives, and has a principal place of business or is doing business within the district of this court.

5. At all times herein mentioned, defendant Mystical Rose, Inc. was the owner, manager and operator of the fishing vessel ARCTIC SEAL, official number 500127.

6. The Defendant vessel ARCTIC SEAL is a 155 foot fishing vessel, of at least 20 gross tons, documented by the United States, official number 500127.  Upon information and belief, said vessel has its home port in the District of Massachusetts or will be found in the District of Massachusetts during the pendency of this action.  During all times herein mentioned said vessel was owned or bareboat chartered by the in personam defendants, and was engaged in maritime commerce.

7. At all times herein mentioned, plaintiff was employed by the defendants as a member of the crew, in the service of the fishing vessel ARCTIC SEAL and was acting within the course and scope of his duties and in furtherance of the mission of said vessel.

8. At all times herein mentioned, plaintiff was employed by the defendants to work aboard the vessel ARCTIC SEAL pursuant to an oral agreement to pay Plaintiff Garletts $400.00 per day for his services as Chief Engineer.

AMENDED COMPLAINT - 2

**GORDON WEBB, ATTORNEY AT LAW**
225 106TH AVENUE N.E.
BELLEVUE, WASHINGTON 98004
(425) 454-3800 • FAX (425) 454-5399

9.  During December 1, 2002 through February 1, 2003, Plaintiff Garletts performed his duties as Chief Engineer aboard the defendant vessel in a satisfactory manner while the defendant vessel was on a fishing voyage in U.S. waters.

10. On or about January 4, 2003, while said vessel was in navigable waters, plaintiff Steven Garletts sustained severe, painful and disabling injuries to his left second finger and other injuries not fully known at this time. Plaintiff prays leave to amend this complaint when the full extent of injuries and disabilities is ascertained.

11. Said injuries, disabilities, and damages were directly and proximately caused by the unseaworthiness of the defendant vessel; the negligence, in whole or in part, of the defendants and their agents, servants and employees.

12. As a direct and proximate result of the foregoing injuries, plaintiff was caused to and did incur reasonable charges for medical care and attention. Plaintiff does not know the reasonable value of said medical care and attention already rendered or to be rendered in the future and, therefore, prays leave to amend this complaint to show the same.

13. As a further result of the foregoing, plaintiff was rendered unable to engage in his normal and usual occupation. Plaintiff may later be unable to engage in his normal and usual occupation, and prays leave to amend this complaint to allege the full extent of said loss when the same is ascertained.

14. Plaintiff demands maintenance from the defendants in a per diem amount to recuperate on land with room and board at least equal to that received on defendant's vessel, until the plaintiff reaches maximum cure or until the plaintiff is declared fit for duty, whichever last

AMENDED COMPLAINT - 3

**GORDON WEBB, ATTORNEY AT LAW**
225 106TH AVENUE N.E.
BELLEVUE, WASHINGTON 98004
(425) 454-3800 • FAX (425) 454-5399

occurs. Plaintiff further demands the actual cost of his cure until the plaintiff is fully cured; and if never cured, plaintiff demands the cost of cure for the remainder of plaintiff's natural life.

15. Maintenance and cure has been demanded and not timely paid. The failure to pay maintenance and cure has caused additional damages to the plaintiff whether or not the failure to pay was reasonable under the circumstances.

16. Plaintiff is entitled to earned/unearned wages. Defendants promised to pay Plaintiff Garletts $400.00 per day to perform his duties aboard the defendant vessel. The defendants have failed to pay Plaintiff his earned wages. Said wages have been demanded and denied. Plaintiff is entitled to double wages, costs and reasonable attorney's fees under federal and or state law.

17. Defendants failed to make and sign a fishing agreement in writing with Garletts in violation of 46 U.S.C. § 10601 et. seq.. Defendants are therefore liable to Garletts according to 46 U.S.C. § 11107.

WHEREFORE, plaintiff prays judgment against the defendants as follows:

1. For a declaration that the plaintiff holds claim to a preferred maritime lien against the defendant vessel, her engines, machinery, appurtenances and cargo;

2. For arrest, condemnation and sale of the defendant vessel including her engines, machinery, appurtenances and cargo;

3. For earned/unearned wages and wage penalties pursuant to state law and/or 46 U.S.C. § 11107.

4. For general damages as are reasonable and fair;

AMENDED COMPLAINT - 4

GORDON WEBB, ATTORNEY AT LAW
225 106TH AVENUE N.E.
BELLEVUE, WASHINGTON 98004
(425) 454-3800 • FAX (425) 454-5399

5. For such special damages, including found, as may be shown by the proofs herein;

6. For maintenance and cure, and for consequential damages and attorney fees for failure to pay same;

7. For pre-judgment interest on all claims as is in the law provided;

8. For costs of suit and reasonable attorney fees;

9. For such other and further relief, including punitive damages, as is met and just in the circumstances.

DATED this 26 day of January, 2004.

LAW OFFICE OF GORDON WEBB

By _____
GORDON WEBB, WSBA#22777
Attorney for Plaintiff

AMENDED COMPLAINT - 5

**GORDON WEBB, ATTORNEY AT LAW**
225 106TH AVENUE N.E.
BELLEVUE, WASHINGTON 98004
(425) 454-3800 • FAX (425) 454-5399

## VERIFICATION

I am the attorney for the plaintiff in this action and have knowledge of the matters asserted in the above complaint based upon information provided by the plaintiff. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the allegations of the above complaint are true and correct to the best of my knowledge and belief.

Dated at Bellevue, Washington this ___26___ day of January, 2004.

_____
GORDON WEBB

AMENDED COMPLAINT - 6

**GORDON WEBB, ATTORNEY AT LAW**
225 106ᵀᴴ Avenue N.E.
Bellevue, Washington 98004
(425) 454-3800 • FAX (425) 454-5399